ADAMS, PAYNE & GLEAVES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7523.   Promulgated January 7, 1928.

*H. H. Shelton, Esq.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

## OPINION.

LOVE: The Commissioner concedes that he erred in treating the amount of $36,048.43 paid to Gleaves under the circumstances above described, as a disbursement of capital, thereby reducing the petitioner's invested capital by that amount. Accordingly, petitioner's invested capital should be adjusted by including therein the amount erroneously excluded.

The sole remaining issue is whether the additional compensation in the amount of $36,048.43 credited to Gleaves in the year 1919,

pursuant to the action taken by the board of directors on August 28, 1919, may be deducted from gross income for that year.

It is necessary, first, for us to determine the status of the additional compensation in question. Was it voted as and for salary for 1919, although measured by services rendered prior to that year, or, was it voted and paid in 1919 *as* and *for* salary for services rendered in prior years? If the compensation voted and paid in 1919 was the payment of additional salary *as* and *for* prior years, without previous authorization therefor, it would not properly be deductible in 1919. *Vaughn & Barnes, Inc.,* v. *Commissioner,* 6 B. T. A. 1279.

The petitioner takes the position that the amounts withdrawn by Gleaves, in addition to his fixed or regular salary, in the years from 1906 to and including 1919, constituted additional compensation in the amount withdrawn as and for the year in which the withdrawal occurred, and that the total amount having been authorized in 1919, it is properly deductible in that year.

The record discloses that at the time of petitioner's incorporation there was a general understanding reached among the three officers, directors, and stockholders that if the business prospered and was a financial success, additional compensation would be paid. But in our opinion, such an understanding falls far short of an authorization of additional compensation. The most that can be said of that agreement or understanding is that it evidenced an intention later to authorize extra compensation if the petitioner prospered. It is clear that during the years prior to 1919 there was no legal obligation to pay additional compensation. It was not until 1919 that corporate action was taken in respect thereto. As we stated in *Vaughn & Barnes, Inc., supra:*

> If the interpretation be that contained in the second query above, then we are of the opinion that the deduction should not be allowed. That is to say, if the compensation voted and paid in 1922 was the payment of additional salaries *as and for* a prior year, without previous authorization therefor, it would not properly be allowable in 1922. The reason is obvious. To hold otherwise would permit a corporation with a large surplus in 1922 to effectually dispose of that surplus by voting salaries over a long series of prior years. No simpler method of evading taxes could be thought of. *J. E. Duval Printing Co.,* 1 B. T. A. 1205; *H. T. Cushman Mfg. Co.,* 2 B. T. A. 39; *Matchless Metal Polish Co.,* 2 B. T. A. 79; *Melrose Granite Co.,* 2 B. T. A. 113; *Columbia Textile Co.,* 2 B. T. A. 472; *W. W. Harrison Co.,* 4 B. T. A. 174; *W. K. Henderson Iron Works & Supply Co.,* 6 B. T. A. 92.

The record discloses that for a period of six years, from 1914 to 1919, without the knowledge of the other officers, Gleaves "stuffed" his regular salary to the extent of $5,000 annually, and that in its returns for those years the amount of $10,000 was deducted as and for salary to Gleaves. It is obvious, therefore, that during each of

those years Gleaves received an additional salary of $5,000. In asking for a deduction in 1919 of the amount of $36,048.43 the petitioner is, in effect, claiming a deduction for additional compensation, part of which is for the years 1914 to 1919, for which years the petitioner has heretofore deducted and the Commissioner allowed additional salary in the amount of $30,000, which amount is in addition to the $36,048.43. However, without considering the fact that the petitioner has heretofore deducted additional salary for Gleaves for 1914 to 1919, and that the Commissioner has allowed the deductions, we are of the opinion that the deduction claimed in 1919 as and for additional compensation *for years prior thereto* is not properly deductible in that year, it not having been previously authorized.

However, during the year 1919 prior to the corporate action taken in August, Gleaves had withdrawn, in excess of his salary credits, approximately $1,750. Under the petitioner's contention therefore, this amount having been voted and paid as and for salary for 1919, would be, under certain conditions, deductible.

To constitute an allowable deduction, the salary voted as and for 1919 must be reasonable for services performed in that year. In other words, if the amount of $10,000 deducted by the petitioner and allowed by the Commissioner as salary for Gleaves for 1919 plus the additional amount of $1,750 is reasonable for services rendered by Gleaves in 1919, then it would properly be deductible.

The record shows that subsequent to 1914 and including 1919 the petitioner deducted and the Commissioner allowed the amount of $10,000 as salary for Gleaves. There is nothing in the record to indicate that a salary in excess of $10,000 was reasonable. It is conclusively shown that the services rendered by Gleaves in 1919 were less valuable than those rendered in prior years, as he was ill and away from his office most of the time during that year. Furthermore, the resolution of August 28, discloses that at that time Gleaves' services were considered by the petitioner to be worth $5,000 per annum.

However, the Commissioner has allowed and now admits that $10,000 was reasonable compensation for Gleaves for the year 1919.

We conclude, therefore, that the petitioner is not entitled to deduct from gross income for the year 1919 the amount of $36,048.43 or any amount in excess of $10,000 as allowed by the Commissioner as compensation for that year.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by TRUSSELL. SMITH, and LITTLETON.